1 | RUSSELL, MIRKOVICH & MORROW
Joseph N. Mirkovich, SBN.: 45644
2 | jmirkovich@rumlaw.com
Margaret E. Morrow, SBN.: 145306
3 | mmorrow@rumlaw.com
One World Trade Center, Suite 1280
4 | Long Beach, California 90831-1280
(562) 436-9911 / fax (562) 436-1897
5
6 | Attorneys for Defendant
UNITED LOGISTICS, INC.

7

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISNEY ENTERPRISES, INC. | Case No.: **CV10-7116 RSWL (CWx)** |
| Plaintiff, | Assigned to: Honorable Ronald S. W. Lew |
| vs. | Complaint Filed: 9-23-10 |
| UNITED LOGISTICS, INC., R. L. JONES-SAN DIEGO, INC., RICHARD L. JONES, CUSTOMHOUSE BROKERS, INC., JUAN CARLOS CHAVEZ ALCARAZ, AGA INVESTMENTS, INC. d/b/a AGA INVESTMENTS II, INC. d/b/a COLUMBIA EXPORT SERVICE AGA d/b/a COLUMBIA EXPORT SERVICE COMPANY AND DOES 2-10 INCLUSIVE | First Amended Complaint Filed: 6-3-11 |
| | ~~PROPOSED~~ **ORDER RE: STIPULATED PROTECTIVE ORDER** |
| | *Note changes made by court* |
| Defendants. | |

Subject to the approval of this Court, the parties DISNEY ENTERPRISES, INC., and UNITED LOGISTICS, INC., (hereinafter "the parties") hereby stipulate to the following protective order:

1. In connection with discovery proceedings in this action, United Logistics, Inc. may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information

- 1 -
**~~PROPOSED~~ ORDER RE: STIPULATED PROTECTIVE ORDER**

which has not been made public and which concerns or relates to the amount or source of any income, profits, losses, or expenditures or the tax returns of United Logistics, Inc.

By designating a document, thing, material, testimony or other information derived therefrom as "Confidential," under the terms of this order, United Logistics, Inc. is certifying to the court that there is a good faith basis both in law and in fact for the designation with the meaning of Federal Rule of Civil Procedure 26(g).

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for Disney Enterprises, Inc. (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    (a)    an officer, director, or employee of Disney Enterprises, Inc. deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b)    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c)    court reporter(s) employed in this action;

    (d)    a witness at any deposition or other proceeding in this action; and

    (e)    any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6.    Depositions shall be taken only in the presence of qualified persons.

7.    Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

8.    If Confidential Material, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed in Court, such papers shall be labeled "Confidential - - Subject to Court Order" and **the relevant party may make an application to file such papers under seal in accordance with Local Rule 79-5** ~~filed under seal until further order of this Court~~.

9.    In the even that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

10.    This Order shall not be deemed to prejudice the parties in any way in

- 3 -

~~PROPOSED~~ ORDER RE: STIPULATED PROTECTIVE ORDER

1  any future application for modification of this Order.

2    11.    This Order is entered solely for the purpose of facilitating the
3  exchange of documents and information between the parties to this action without
4  involving the Court unnecessarily in the process.  Nothing in this Order nor the
5  production of any information or document under the terms of this Order nor any
6  proceedings pursuant to this Order shall be deemed to have the effect of an
7  admission or waiver by either party or of altering the confidentiality or
8  nonconfidentiality of any such document or information or altering any existing
9  obligation of any party or the absence thereof.

10    12.    This Order shall survive the final termination of this action, to the
11  extent that the information contained in Confidential Material is not or does not
12  become known to the public, and the Court shall retain jurisdiction to resolve any
13  dispute concerning the use of information disclosed hereunder.  Upon termination
14  of this case, counsel for the parties shall assemble and return to each other all
15  documents, material and deposition transcripts designated as confidential and all
16  copies of same, or shall certify the destruction thereof.

18  APPROVED PURSUANT TO STIPULATION, IT IS SO ORDERED:

21  Dated: January 30, 2012  

22                                UNITED STATES MAGISTRATE JUDGE

Attachment A

## NONDISCLOSURE AGREEMENT

I, .............................. do solemnly swear that I am fully familiar with the terms of the Stipulated protective Order entered in <u>Disney Enterprises, Inc., v. United Logistics, Inc., et al.</u>, United State District Court for the Central District of California, Civil Action No.: CV10-7116 RSWL (CWx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purpose of enforcing this Order.

DATED: ..................

/s/ ..............................

- 5 -

~~PROPOSED~~ ORDER RE: STIPULATED PROTECTIVE ORDER